IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. WHITLEY, Guardian Ad
Litem for M.P., a minor,

        Plaintiff,

vs.                                                      No. CIV 00-1101 LCS

NEW MEXICO DEPARTMENT OF HUMAN
SERVICES, CHILDREN, YOUTH & FAMILIES
DEPARTMENT; DEBORAH HARTZ, Individually
and as Secretary of the New Mexico Department of
Human Services; KAREN ZARATE, SUSAN W.
DRAKE, CECILIA ROSALES and BONNIE S.
VEHSTEDT, Individually and in the Official
Capacity as employees of Children, Youth &
Families Department; MESILLA VALLEY
GENERAL PARTNERSHIP, a New Mexico
general partnership d/b/a Mesilla Valley Hospital,
and MESILLA VALLEY MENTAL HEALTH
ASSOCIATES, INC., a New Mexico corporation,
as general partners of Mesilla Valley General
Partnership; JAIME MICHEL, M.D.; TOMMYE
WILHITE, R.N., RUTH BURKHART, R.N.C.;
CARLOS TRUJILLO, R.M.H.C.;
and JOHN DOES I and II,

        Defendants.

MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Jaime Michel M.D.'s Motion to Dismiss (Doc. 26), filed November 17, 2000. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

**I.      Background.**

Plaintiff alleges that M.P., a minor child, was deprived of her substantive due process interest in reasonable care and safety, safe conditions, personal security, bodily integrity and that her civil and common law rights were violated when she was raped by another patient while housed at the Mesilla Valley Hospital (MVH) in Las Cruces, New Mexico.

M.P., born August 24, 1996, was twelve years old at the time of the incident. (Compl. ¶¶ 4-29.) On March 17, 1997, M.P. was admitted to the Inpatient Acute Care Unit at MVH due to self-destructive behavior, including physical assaults on her teachers and sexually inappropriate conduct with other students during school. (Compl. ¶ 18.) Near the time of her admission, M.P. was diagnosed as follows: Axis I, appositional defiant disorder, dysthymia, general anxiety disorder; Axis II, mild mental retardation; Axis II, frontal lobe seizure; Axis IV, stressors, extreme; Axis V, current Global Assessment of Functioning at 50. (Compl. ¶ 19.) M.P. had been previously diagnosed with epilepsy. (*Id.*)

In May 1997, M.P. and her siblings were placed in the custody of Defendant New Mexico Department of Human Services, Children, Youth and Families Department (CYFD) pursuant to a finding of abuse and neglect. (Compl. ¶ 17.) On June 20, 1997, Cecilia Rosales, Social Worker, and Anne Holmes, Social Worker Supervisor, both employed by CYFD, prepared a Comprehensive Assessment and Predispositional Study (CAPS) of M.P. (Compl. ¶ 21.) The CAPS revealed that M.P.'s mother had been sexually abused by her brother and had been placed in foster care as a child, that M.P.'s mother had exhibited inappropriate sexual activities with her children, and that both of M.P.'s parents had histories of substance and alcohol abuse. (*Id*.) Following her initial placement at MVH, M.P. was moved through a series of placement changes by CYFD, including foster homes,

residential treatment centers, and hospitals. (Compl. ¶ 22.) On June 18, 1999, CYFD moved M.P. back to MVH, where she remained until her transfer to Kaseman Presbyterian Hospital in Albuquerque on July 1, 1999. (*Id.*) Defendant Dr. Michel was Plaintiff's attending psychiatrist during her stay at MVH in June and July 1999. (Compl. ¶ 25.)

On June 19, 1999, P.M., a fellow patient, raped M.P. in her room at MVH. (Compl. ¶ 29.) M.P. called for help during the incident and immediately reported it to the MVH staff. (Compl. ¶ 32.) Plaintiff was taken for an examination by the La Pinon Sexual Assault Nurse Examiner Project, which indicated that M.P. had been forcibly raped. (*Id.*) In response to the incident, MVH removed M.P. from her regular bedroom under staff "line-of-sight" supervision on a mattress on the floor of a "quiet room" and left her dressed in surgical scrubs. (Compl. ¶ 34.) MVH made no efforts of prevent or restrict contact between M.P. and P.M. and in fact required and encouraged their interaction in group therapy sessions. (Compl. ¶ 35.) MVH failed to provide any treatment designed to address rape trauma. (*Id.*) Plaintiff demanded that no further contact between M.P. and P.M. be allowed and that MVH provide therapy to address the rape trauma. (Compl. ¶ 36.) When no treatment was forthcoming, Plaintiff and CYFD required M.P.'s transfer to another facility for appropriate treatment. (Compl. ¶ 39.)

On July 28, 2000, Plaintiff filed this action, alleging claims for violation of her civil rights under 42 U.S.C. § 1983 (Count I), conspiracy to violate her civil rights under 42 U.S.C. § 1985 (3) (Count II), and supplemental state law claims for premises liability (Count III), negligence and negligence per se (Count IV), breach of duty to protect (Count V), and negligent supervision, negligent entrustment and negligent failure to warn (Count VI).

On November 17, 2000, Dr. Michel filed his Motion to Dismiss, arguing that the Complaint

fails to state a claim against him under § 1983 because he was not a state actor, fails to state a claim under 42 U.S.C. § 1985 (3), and is barred for failure to comply with the notice requirements of the New Mexico Medical Malpractice Act.

## II.    Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6).

A case should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998).

## III.   Analysis

Dr. Michel argues that Count I fails to state a claim 42 U.S.C. § 1983 because he was not a state actor. In order to maintain a § 1983 claim, Plaintiff must demonstrate that each defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State" to deprive M.P. of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Thus, the only proper defendants under § 1983 are those who represent the state in some capacity, "whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir.1995).

At the time of the incidents in question, Dr. Michel was a private psychiatrist employed by

4

MVH, a private hospital. A private individual may qualify as defendant under § 1983. *See West v. Adkins*, 487 U.S. 42, 54 (1988)(contract physician providing medical services to state prisoners qualified as state actor); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)(private persons engaged in conspiracy with police officers were state actors). However, the fact that a private entity contracts with or rents to the government or receives money or other assistance from the government does not automatically transform the private entity into a state actor. *See Rendell-Baker v. Kohn*, 457 U. S. 830, 840-42 (1982). "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show ... that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996)(quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982)).

Courts have employed four separate tests to determine whether a private party acted under color of law in causing an alleged deprivation of federal rights: (1) the nexus test; (2) the symbiotic relation test; (3) the joint action test; and (4) the traditional public powers test or public functions test. *See Sigmon v. CommunityCare HMO*, 2000 WL 1808508, *4 , ____ F.3d ____ (Dec. 11, 2000)(*citing Gallagher*, 49 F.3d at 1447). Although Plaintiff at no point explicitly indicates which of the four state action tests he relies upon, it appears that he argues mainly for the nexus and joint action tests. (Pl.'s Resp. to Dr. Jaime Michel's Mot. to Dismiss at 2; Compl. ¶ 14.)

In order to satisfy the nexus test, Plaintiff must demonstrate a sufficiently close nexus between the government and the challenged conduct such that the conduct "may be fairly treated as that of the State itself." *Gallagher*, 49 F.3d at 1447 (*quoting Jackson v. Metropolitan Edison Co.*, 419 U. S. 345, 351 (1974)). Under this approach, the state normally can be held responsible for a private decision "only when it has exercised coercive power or has provided such significant

5

encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The test insures that the State will be held liable for constitutional violations only if it is responsible for the specific conduct of which the plaintiff complains. *Id*. In *Gallagher*, the Tenth Circuit held that pat-down searches by a private security firm at a concert were not transformed into state actions where the policy to search was that of the private company not that of the state university which provided the concert venue. *Id*. at 1450. Likewise, the mere existence of a business agreement between MVH and CYFD is not sufficient to create a nexus with the State.

For the purposes of Dr. Michel's Motion, all factual allegations of the Complaint are accepted as true and viewed in the light most favorable to Plaintiff. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d at 1236. In his Complaint, Plaintiff alleges that MVH agreed to provide services to CYFD, that Dr. Michel was an agent or employee of MVH, and that Dr. Michel was Plaintiff's attending physician during the relevant time period. The Complaint fails to allege that Dr. Michel was responsible for any acts or omissions leading up to, or in the aftermath of, the assault, or that any contractual relationship existed between Dr. Michel and the state. Indeed, Plaintiff argues that the claims against Dr. Michel do not arise out of the physician/patient relationship. These allegations are insufficient to constitute a sufficiently close nexus between the State and Dr. Michel so as to render him a state actor under the close nexus analysis. *See Gallagher*, 49 F. 3d at 1450.

Plaintiff alludes to the joint action theory in his Complaint. Under the joint action inquiry, state action is present if a private party is a willful participant in joint action with the State or its agents. *Gallagher*, 49 F. 3d at 1453 (*quoting Dennis v. Sparks*, 449 U. S. 24, 27 (1980). The focus here is whether state officials and private parties have acted in concert in effecting a particular

6

deprivation of constitutional rights. *Id*. Acquiescence of state officials in the actions of a private party is not sufficient to show a joint enterprise. *See Gallagher*, 49 F. 3d at 1453. To satisfy the joint action test, there must be, at a minimum, specific concerted action resulting in the violation of a plaintiffs constitutional rights. *Id*. Alternatively, a plaintiff may establish joint action by demonstrating that the public and private actors engaged in a conspiracy. *See Anaya v. Crossroads Managed Care Systems*, 195 F. 3d 584, 596 (10th Cir. 1999). In order to demonstrate a conspiracy, the pleadings must specifically present facts tending to show agreement and concerted action. *See Hunt v. Bennett*, 17 F. 3d 1263, 1268 (10th Cir. 1994).

Plaintiff has failed to allege any facts indicating that Dr. Michel entered into an agreement or acted in concert with the state in depriving M.P. of any constitutional rights. The primary substantive allegation of the Complaint with respect to Dr. Michel is that Dr. Michel was M.P.'s attending psychiatrist. In his response, Plaintiff withdrew his conspiracy claims. Thus, the allegations of the Complaint are insufficient to render Dr. Michel a state actor under the joint action test. *See Gallagher*, 49 F. 3d at 1450. Similarly, although not specifically argued by Plaintiff, the allegations of the Complaint are insufficient to satisfy the requirements of the symbiotic relation test or the traditional public powers test or public functions tests. *See Gallagher*, 49 F.3d at 1451-53; 1456. Accepting all well-pleaded allegations of the Complaint as true, and construing them in the light most favorable to Plaintiff leads to the conclusion that Plaintiff has failed to sufficiently allege that Dr. Michel was a state actor for the purposes of §1983.

Plaintiff contends that this Court should construe the Complaint liberally under the tenets of *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir.1991). Plaintiff reasons that he is entitled to such deference because M.P. suffers from serious mental conditions, has been removed from direct contact

7

with Defendants, and must develop the facts through discovery. The principles of *Hall v. Bellmon* are reserved for *pro se* litigants. *See id*, 935 F.2d at 1110. Plaintiff is an attorney appointed to serve as M.P.'s guardian ad litem and is represented by experienced counsel. Therefore, *Hall* does not apply to this case. Moreover, even the liberal standard of *Hall* would not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim may be based. *Id*. The Complaint fails to satisfy this standard with respect to the state action of Dr. Michel. In the event that discovery reveals facts indicating that Dr. Michel may be held liable under §1983, Plaintiff may move to amend the Complaint to attempt to state such a claim.

In his Motion, Dr. Michel also argued that Plaintiff failed to state a claim under 42 U.S.C. § 1985 (3), and failed to comply with the notice requirements of the New Mexico Medical Malpractice Act. In his Response, however, Plaintiff withdrew his claim under 42 U.S.C. § 1985 (3), and clarified that the Complaint does not allege a claim for medical malpractice claim against Dr. Michel. Therefore, the remaining arguments raised by the Motion have been resolved and do not require analysis herein.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Jaime Michel M.D.'s Motion to Dismiss (Doc. 26), filed November 17, 2000, is hereby **GRANTED**.

**IT IS ORDERED** that Counts I and II are dismissed with respect to Defendant Jaime Michel M.D.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**