IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. WHITLEY, Guardian Ad
Litem for M.P., a minor,

       **Plaintiff,**

vs.                                                                                                                                         No. CIV 00-1101 LCS/WWD

NEW MEXICO DEPARTMENT OF HUMAN
SERVICES, CHILDREN, YOUTH & FAMILIES
DEPARTMENT; DEBORAH HARTZ, Individually
and as Secretary of the New Mexico Department of
Human Services; KAREN ZARATE, SUSAN W.
DRAKE, CECILIA ROSALES and BONNIE S.
VEHSTEDT, Individually and in the Official
Capacity as employees of Children, Youth &
Families Department; MESILLA VALLEY
GENERAL PARTNERSHIP, a New Mexico
general partnership d/b/a Mesilla Valley Hospital,
and MESILLA VALLEY MENTAL HEALTH
ASSOCIATES, INC., a New Mexico corporation,
as general partners of Mesilla Valley General
Partnership; JAIME MICHEL, M.D.; TOMMYE
WILHITE, R.N., RUTH BURKHART, R.N.C.;
CARLOS TRUJILLO, R.M.H.C.;
and JOHN DOES I and II,

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Jaime Michel M.D.'s Motion for Summary Judgment (Doc. 131), filed December 17, 2001. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

## I.     Procedural Background.

Plaintiff alleges that M.P., a minor child, was deprived of her substantive due process interest in reasonable care and safety, safe conditions, personal security, bodily integrity and that her civil and common law rights were violated when she was raped by another patient while housed at the Mesilla Valley Hospital (MVH) in Las Cruces, New Mexico. (Doc. 1.)

Plaintiff filed the original Complaint in this Court on July 28, 2000, alleging claims for violation of M.P.'s civil rights under 42 U.S.C. § 1983 (Count I), conspiracy to violate M.P's civil rights under 42 U.S.C. §1985 (3) (Count II), and supplemental state law claims for premises liability (Count III), negligence and negligence per se (Count IV), breach of duty to protect (Count V), and negligent supervision, negligent entrustment and negligent failure to warn (Count VI). (*Id.*)

On November 17, 2000, Dr. Michel filed a Motion to Dismiss, arguing that the original Complaint failed to state a claim under § 1983 because Dr. Michel was not a state actor, that the original Complaint failed to state a claim under 42 U.S.C. § 1985 (3), and that any medical malpractice claim was barred for failure to comply with the notice requirements of the New Mexico Medical Malpractice Act. In his Response, Plaintiff withdrew the claim under 42 U.S.C. § 1985 (3), and clarified that the Complaint did not allege a claim for medical malpractice claim against Dr. Michel. (Doc. 26.)

On January 24, 2001, the Court issued a Memorandum Opinion and Order determining that Dr. Michel was not a state actor for purposes of §1983, observing that Plaintiff had withdrawn his claim under 42 U.S.C. § 1985(3), and represented that the Complaint did not allege a claim for medical malpractice claim against Dr. Michel. (Doc. 39.) Thus, the Motion to Dismiss was granted as to Counts I and II of the original Complaint, and no action was taken as to a medical malpractice

claim because supposedly such a claim had not been alleged. At a February 5, 2001 hearing, counsel for Dr. Michel requested clarification on the status of his motion, inquiring whether the supplemental state law claims for premises liability (Count III), negligence and negligence per se (Count IV), breach of duty to protect (Count V), and negligent supervision, negligent entrustment and negligent failure to warn (Count VI) remained pending as to his client. In response, the Court issued an Amended Order stating that the Motion to Dismiss had been granted *in part*. (Doc. 42.)

On February 16, 2001, Plaintiff filed a First Amended Complaint for Civil Rights Violations and Related Claims, (Doc. 44), asserting claims for damages and attorney fees due to violation of M.P.'s civil rights under 42 U.S.C. § 1983 and 1988 against all Defendants (Count I), for damages under the Adoption Assistance and Child Welfare Act (AACWA), 42 U.S.C. § 671(a)(22), (a)(16) and 675 (1) & (5) against the Governmental Defendants (Count II), and for damages for supplemental state law claims for premises liability against the Mesilla Valley Hospital Defendants, Ruth Burkhart and Dr. Michel (Count III), negligence and negligence per se against the Mesilla Valley Hospital Defendants, Ruth Burkhart and Dr. Michel (Count IV), breach of duty to protect against all Defendants (Count V), and negligent supervision, negligent entrustment and negligent failure to warn against all Defendants (Count VI).

On March 20, 2001, Dr. Michel filed an Answer and a Renewed Motion to Dismiss the §1983 claim and any medical malpractice claim. On May 11, 2001, I issued the parties' stipulated Order on Partial Dismissal with Prejudice (Doc. 76), which dismissed Counts I and II as to Dr. Michel. Neither the stipulated Order, nor the Amended Complaint, mentioned a claim for medical malpractice.

On July 20, 2001, at oral argument on the Governmental Defendants' Motion for Summary judgment, counsel for Dr. Michel requested clarification of the claims pending against Dr. Michel.

3

(Doc. 91). On July 26, 2001, I issued an Order Clarifying Status of Claims Against Dr. Michel, (Doc. 95), and concluded that Counts III, IV, V, and VI of the Amended Complaint remained pending against Dr. Michel, and based on the prior representation of counsel for Plaintiff, that the Amended Complaint did not allege a claim for medical malpractice.

On December 17, 2001, Dr. Michel filed the instant Motion for Summary Judgment, arguing that there are no genuine issue of material fact in dispute as to Dr. Michel's negligence and/or as to whether the medical care/treatment Dr. Michel rendered to M.P. fell below the standard of medical care practiced under similar circumstances in Las Cruces, New Mexico and/or as to whether any such care was a proximate cause of any injury/damage to M.P.; that the undisputed facts demonstrate that Dr. Michel did not have a duty to protect Plaintiff based on a theory of premises liability (Count III); that there is no federal jurisdiction over a claim of medical malpractice (Count IV); that the undisputed facts demonstrate that Dr. Michel did not have a duty to protect plaintiff based on security measures (Count V); that no allegations assert that Dr. Michel had any control over the supervision and security regarding P.M. (Count VI); and that Plaintiff has failed to support his case with expert medical testimony. Plaintiff failed to respond to Defendant Dr. Michel's Motion for Summary Judgment.

**II.     Undisputed Facts**

The Court adopts Defendant Michel's Statement of Undisputed Material Facts in Support of Summary Judgment as contained in ¶¶ 1-22, pages 2-5. (Doc. 132.)

**III.    Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV.

4

P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**IV. Analysis**

Defendant Dr. Michel served his Motion for Summary Judgment and Memorandum in support thereof on December 14, 2001. (Docs. 131 and 132.) The Local Rules of this Court provide that a response is due fourteen calendar days after service of a motion. *See* D.N.M.LR-Civ. 7.6 (a). As Defendant Dr. Michel's Motion was served December 17, 2001, Plaintiff's response was due on December 28, 2001. To date, Plaintiff has failed to file a response.

Plaintiff has not filed a motion for an extension of time to respond to the Motion for Summary Judgment. While Plaintiff did file a Motion for Extension of Time to Disclose Plaintiff's Expert

5

Witnesses and Reports on December 17, 2001, (Doc. 134), this document did not request an extension of time to file a response and did not even mention the Motion for Summary Judgement. This document can in no way justify Plaintiff's failure to respond to Defendant Dr. Michel's Motion for Summary Judgment. Nor does its filing toll the time within which Plaintiff must respond to the Motion for Summary Judgment.

Plaintiff already was granted additional time to disclose expert witnesses. On July 26, 2001, I issued a Scheduling Order providing that Plaintiff was to provide expert reports pursuant to FED.R.CIV.P. 26(a)(2)(B) by November 15, 2001. (Doc. 96.) At an October 31, 2001 status conference, I allowed Plaintiff an extension until December 1, 2001 to disclose expert witnesses with respect to Dr. Michel. (Doc. 119.) This ruling was memorialized in an Order dated November 1, 2001. (Doc. 117.)

In spite of the extension, Plaintiff failed to disclose a medical expert witness by December 1, 2001. On December 17, 2001, Plaintiff filed his belated Motion to extend the deadline to disclose a medical expert. (Doc. 134.) In this Motion, counsel for Plaintiff stated that he needed until December 31, 2001 to disclose the medical expert because his intended expert had not had sufficient contact with M.P. to render an opinion. (*Id*.) Counsel for Plaintiff further stated that he had retained a replacement expert witness, but that the replacement expert witness had not had sufficient time to become familiar with the facts of the case. (*Id*.) At a status conference of January 17, 2002, counsel for Dr. Michel indicated that Plaintiff had failed to disclose a medical expert.

This case has been pending for almost eighteen months. The deadlines for Plaintiff to disclose expert witnesses had come and gone twice. The date requested by Plaintiff in the December 17, 2001 motion has also come and gone and Plaintiff has still failed to disclose a medical expert. Under these

6

circumstances, Plaintiff's Motion for Extension of Time to Disclose Plaintiff's Expert Witness and Reports should be denied.

The Local Rules provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.5(b). The Local Rules of this Court provide that a response is due fourteen calendar days after service of a motion. *See* D.N.M.LR-Civ. 7.6 (a). As Defendant Dr. Michel's Motion was served December 17, 2001, Plaintiff's response was due on December 28, 2001. Plaintiff failed to respond to the Defendant Dr. Michel's Motion for Summary Judgment. Pursuant to Local Rule 7.5(b), Plaintiff consented to the granting of this Motion by failing to file a response in opposition. Accordingly, Defendant Dr. Michel's Motion for Summary Judgment should be granted pursuant to Local Rule 7.5(b).

In the alternative, Defendant Dr. Michel's Motion for Summary Judgment should be granted on the merits. In Count III, Plaintiff seeks to impose liability on Dr. Michel based on premises liability. Premises liability is imposed upon the owner or occupier of a premises. N.M. R. Ann. 13-1301 through 13-1320. It is undisputed that Dr. Michel did not own or occupy any part of MVH, the premises where the incident occurred. Plaintiff has alleged no facts that would support a premises liability claim against Dr. Michel. There is no genuine issue as to any material fact and Defendant Dr. Michel is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Accordingly, Dr. Michel is entitled to summary judgment on Plaintiffs' claim for premises liability.

Plaintiff alleges breach of duty to protect against all Defendants (Count V), and negligent supervision, negligent entrustment and negligent failure to warn against all Defendants (Count VI). It is undisputed that Dr. Michel was licensed physician practicing within MVH as an independent contractor. Dr. Michel had no relationship with Plaintiff, other than as her attending psychiatrist

while she was hospitalized at MVH. Plaintiff has alleged no facts that would support claims for breach of duty to protect, negligent supervision, negligent entrustment, ord negligent failure to warn against Dr. Michel. Furthermore, Plaintiff has offered no viable legal theory that would impose liability on Dr. Michel under the undisputed facts of this case. There is no genuine issue as to any material fact and Defendant Dr. Michel is entitled to judgment as a matter of law on Plaintiff claims of breach of duty to protect, negligent supervision, negligent entrustment, or negligent failure to warn. FED. R. CIV. P. 56(c).

In Count IV, Plaintiff alleges negligence and negligence per se against the Mesilla Valley Hospital Defendants, Ruth Burkhart and Dr. Michel. Although counsel for Plaintiff stated that he was not pursuing a medical malpractice claim, the inclusion of Dr. Michel in Count IV of the Amended Complaint and the alleged professional negligence mentioned in ¶¶ 60-62 of the Amended Complaint require judicial attention.

In order to prove medical malpractice, a plaintiff has the burden of showing that (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries. *See* N.M. R. Ann. 13-1101; *Cervantes v. Forbis*, 73 N.M. 445, 389 P.2d 210 (1964); *Schmidt v. St. Joseph's Hosp.*, 105 N.M. 681, 736 P.2d 135 (Ct. App.1987).

A plaintiff needs to submit expert testimony in order to prove that a physician's management of a particularized case is within the recognized standards of medical practice. *See Blauwkamp v. University of New Mexico Hosp.*, 114 N.M. 228, 232, 836 P.2d 1249, 1253 (Ct. App.1992). Plaintiff has failed to come forward with any expert testimony. Additionally, Dr. Michel has submitted his

8

affidavit stating that the care that he rendered to M.P. was appropriate in every respect and did not fall below the applicable standard of care. (Def. Mot. for Summ. J. Ex. A.) Dr. Michel's affidavit stands unrefuted.

Defendant Dr. Michel has discharged his initial burden by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. at 323. The burden then shifted to Plaintiff to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d at 1201. Plaintiff has failed to satisfy his burden. Plaintiff has failed disclose and expert witness and has failed to respond to the Motion for Summary Judgment. Under these circumstances, Defendant Dr. Michel is entitled to Summary Judgment on all claims.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Jaime Michel M.D.'s Motion for Summary Judgment (Doc. 131), filed December 17, 2001, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Summary Judgment shall issued in favor of Defendant Jaime Michel M.D.'s and against Plaintiff.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**